**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**THE HUNTINGTON
NATIONAL BANK,**

      **Plaintiff,**

    **v.**
                                      **Civil Action 2:25-cv-689**
                                           **Judge Algenon L. Marbley**
                                         **Magistrate Judge Kimberly A. Jolson**

**SECURE ASSETS, INC., et al.,**

      **Defendants.**

## ORDER

Plaintiff's Motion to File Exhibits Under Seal (Doc. 23) is before the Court. Plaintiff seeks to file certain exhibits to its Motion for Default Judgment under seal or with redactions: financial account numbers; amounts owed by third-parties to Defendant Secure Assets, Inc.; and invoices it received for legal representation. (*Id.*) For the following reasons, Plaintiff's Motion is **GRANTED**.

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.*

(quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in

accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

The Court has reviewed each document in camera, along with the proposed redactions, and addresses each in turn.  To begin, Plaintiff may file a redacted version of the Card Agreement pursuant to Federal Rule of Civil Procedure 5.2.  Fed. R. Civ. P. 5.2(a)(4) ("[A] party or nonparty making the filing may include only . . . the last four digits of the financial-account number.").

Next, Plaintiff may also file a version of the March and December Debtor list with the names of non-parties redacted.  Plaintiff seeks to redact the names of the third parties that allegedly owe debts to Defendant Secure Assets to protect the third parties' financial information, particularly because that information may be false.  (Doc. at 3).  The Court takes seriously the privacy interests of third parties.  *Shane Grp., Inc.*, 825 F.3d at 308; *see also ChampionX, LLC v. Resonance Sys., Inc.*, No. 3:21-cv-288, 2024 WL 1741343, at *1 (E.D. Tenn. Mar. 19, 2024) (allowing identities of contractors to be protected for privacy reasons).  The public does not need to know the identities of the third parties to understand the basis for Plaintiff's claim, and these redactions are narrowly tailored to serve the privacy interests of the third parties who are not parties to this litigation.

Finally, Plaintiff may file a version of the Perez Morris invoices for legal representation with the description of the work performed redacted.  Plaintiff asserts that the invoices include information protected by the attorney-client privilege.  "'Typically, the attorney-client privilege does not extend to billing records and expense reports.'" *Ketter v. City of Newark, Ohio*, No. 2:11-CV-00734, 2013 WL 2424427, at *2 (S.D. Ohio June 4, 2013) (quoting *Evenflo Co., Inc. v. Hantec Agents Ltd.*, No. 3:05-CV-346, 2006 WL 2945440 at *4 (S.D. Ohio Oct.13, 2006)).  Invoices, however, that "'reveal the motive of the client in seeking representation, litigation strategy or the

specific nature of the services provided are privileged.'"  *Id.*  The Court finds that the invoices at issue meet these exceptions.  Accordingly, Plaintiff has demonstrated a compelling interest in redacting these invoices that outweighs the public's interest and is narrowly tailored.  *See Long Point Energy, LLC. v. Gulfport Energy Corp.*, No. 2:20-CV-4644, 2025 WL 2903689, at *2 (S.D. Ohio May 29, 2025) ("courts have found that when documents are covered by attorney-client privilege, a compelling interest in filing those documents under seal exists").

Plaintiff is **ORDERED** to file the redacted versions of its exhibits within **seven days** of this Order.

IT IS SO ORDERED.

Date:   April 13, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4