**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE HUNTINGTON NATIONAL BANK,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-689** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **SECURE ASSETS, INC., *et al.*,** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter comes before this Court on Plaintiff The Huntington National Bank's Motion for Default Judgment (ECF No. 22) against Defendants Secure Assets, Inc. and Aleksandar Sirakov. For the following reasons, Plaintiff's Motion is **DENIED without prejudice**.

Plaintiff seeks to recover $1,784,978.77 in compensatory damages, $28,903.93 in attorneys' fees, and an amount to be determined in punitive damages from Defendants. (ECF No. 22 at 2). It initiated this lawsuit in June 2025. (ECF No. 1). The Clerk of Court entered default against Defendant Sirakov in December 2025, and against Defendant Secure Assets in January 2026. (ECF Nos. 18; 21). On February 24, 2026, Plaintiff filed the instant motion, supported by two affidavits, (ECF Nos. 22-1; 22-2). Plaintiff did not provide a memorandum in support of its motion.

Plaintiff's motion is insufficient. Under the Local Rules of this Court, "[a]ll motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon." S.D. Ohio Civ. R. 7.2(a)(1). And as a general matter, "[i]t is not sufficient for a party to mention [an] argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125

F.3d 989, 995–96 (6th Cir. 1997) (citations omitted). Plaintiff requests entry of default judgment based on a perfunctory two-page motion, even though its complaint brings *six* causes of action against the Defendants. The motion makes only a passing reference to these causes of action in a summary fashion. The "failure to submit a motion that addresses each issue to be determined is sufficient in and of itself to warrant denial of the motion for default judgment." *Turner v. Desormeau*, 2025 WL 36429, at *9 (E.D.N.Y. Jan 6, 2025) (citation omitted) (applying the pertinent local rule of that court).

"[W]hen moving for a default judgment, the plaintiff must prove its entitlement" to the relief sought. *Artin Printing Co. v. Four Colour Imports, Ltd.*, 2026 WL 2446652, at *2 (W.D. Ky. Aug. 20, 2026). Plaintiff has not done so here. Federal courts within the Sixth Circuit evaluate seven factors when considering a motion for default judgment: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *O.C. v. Town & Country Motel*, 2026 WL 809538, at *4 (S.D. Ohio Mar. 24, 2026) (Marbley, J.) (citing *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986))). These seven factors, established by the Ninth Circuit in *Eitel* and endorsed by the Sixth Circuit in *Russell*, are a critical component of a motion for default judgment, and their omission is fatal. *E.g.*, *L.V. ex rel. Vanderhoef v. City of Maryville*, 2018 WL 5273889, at *1 (E.D. Tenn. Jan. 3, 2018) (failure to address factors "alone precludes . . . entitlement to a default judgment"); *Xerox Corp. v. Rincon*, 2012 WL 12933232, at *1 (S.D. Cal. Aug. 8, 2012) (denying default judgment motion containing "no legal analysis; no discussion whatsoever of the *Eitel* factors, much less an adequate application thereof to the claims and facts alleged"); *Nomura Credit & Cap., Inc. v. RAM, LLC*,

2018 WL 11473693, at *1 (D. Nev. June 5, 2018) (same). Here, the Plaintiff failed to cite, much less analyze, these seven factors in requesting default judgment relief.

Although this Court accepts "the well-pleaded allegations of the complaint as to liability," it still "must ascertain whether liability has been established as a matter of law." *Turner*, 2025 WL 36429, at *10. Plaintiff's motion, lacking a supporting memorandum and devoid of the requisite legal analysis, is insufficient.

For the foregoing reasons, Plaintiff's Motion for a Default Judgment is **DENIED without prejudice**. Plaintiff may file a renewed motion, with an accompanying memorandum in support, within **twenty-eight** days from the date of this Order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 27, 2026**